Wood, J.
The reasons assigned for the motion are :
1. That it was proved, on the trial, that the note on which the suit was brought, was assigned by Benham, the payee, to the plaintiff, before due, and without notice of any matter of defense.
2. That the court instructed the jury, if the note were so assigned, and in payment of a pre-existing debt, the defendant would be entitled to make any defense against the note in the hands of the plaintiff, that he could make if the suit were in the name of the payee.
This motion, it will be seen, therefore, presents the question for the consideration of the court, whether the transfer of a negotiable *164 note, before due, and without notice, and the consideration of the transfer a precedent debt, subjects the indorsee to all the equities existing between the original parties ?
The identical question was before this court in 1838, in the case of Riley & Van Amringe v. Johnson et al., 8 Ohio, 526. It was then hold, that to protect the indorsee against the equities of the maker, the consideration must be actual; the holder must have incurred loss, by giving credit to the paper, or by paying a fair equivalent for it. If neither was done, while the condition of the holder was improved, if a recovery was had, and the note taken merely for a pre-existing debt, by a failure to recover, nothing was lost, the condition of the plaintiff remained without change. The same question had been decided in the same way by the Supreme Court of New York, 10 Wend. 86. And in the court of errors, in the same state. 20 Johns. 637. And the rule-there was considered as settled upon a safe and unanswerable foundation. Several adjudications followed in that state, in which the same doctrine was unequivocally maintained. 12 Wend. 600; 13 Ib. 605. Judge Story, however, thinks it questionable whether the above authorities carry the principle to the extent which has been claimed, though he says, from that period, for a series of years, it seems to have been held by the Supreme Court of that state, that a pre-existing debt was not a sufficient consideration to shut out the equities of the original parties, in favor of the holder. Recent cases, however, in the same tribunal, have shaken in a measure the authorities to which I have referred. 21 Wend. 490; 24 Ib. 115; 1 Hill, 512; 2 Ib. 140.
In 16 Pet. 1, the question was decided by the Supreme Court of the United States at the January term, 1842. The authorities, English and American, are critically and ably examined ; and, in giving the opinion of the court, Mr. Justice Story remarks : “ We have no hesitation in saying that a pre-existing debt does constitute a valuable consideration, in the sense of the general rule, as applicable to negotiable instruments. That it is for the benefit of the commercial world to give as wide an extent as practicable to the credit and circulation of negotiable paper, that it may pass, not only as security for new purchases, and advance made upon the transfer thereof, but also in payment of, and as security for, pre-existing debts.”
It is believed that the law, as thus settled by the highest judi *165 cial tribunal in the country, will become the uniform rule of *all, as it now is of most of the states. And, in a country like ours, where so much communication and interchange exists between the different members of the confederacy, to preserve uniformity in the great principles of commercial law, is of much interest to the mercantile world.
In the case of Riley et al. v. Johnson et al., 3 Ohio, 526, the plaintiffs were not entitled to recover, aside from the principle which I have before stated, as laid down in that case. The evidence was irresistible, that the notes on which the suit was founded, were not received by the plaintiffs, bona fide, but that the entire transaction was founded in fraud.
The point, however, being made and decided that a precedent debt was not a sufficient consideration to protect the holder, without notice, against the equities of the original parties, that decision is overruled, and the reverse now holden to be the law.
In the instructions given to the jury, in the case at bar, the court, in our opinion, erred, and a new trial must be awarded, with costs to abide the event of the suit.
New trial awarded.